JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LUKES et al,<br><br>       Plaintiffs,<br><br>v.<br><br>BENJAMIN BISHOFF et al,<br><br>       Defendants. | Case No. 5:25-cv-02918-SB-SP<br><br>ORDER REMANDING CASE TO STATE COURT |

    John Lukes, a self-represented litigant, filed a notice of removal asserting federal-question jurisdiction and listing 10 "related cases," including state court cases in multiple counties and a bankruptcy case. He seeks damages and injunctive relief from 14 named defendants under numerous federal statutes, including the Violence Against Women Act (VAWA), the Crime Victim's Rights Act (CVRA), and federal anti-stalking laws. The removal notice—a 58-page filing that sets forth allegations and seeks relief as though it were a complaint—is procedurally flawed and substantively unintelligible. More fundamentally, Lukes has not demonstrated that there is federal jurisdiction, requiring remand to state court.

I.

    As an initial matter, the removal notice is procedurally flawed. The body of the removal notice does not identify the case it seeks to remove but instead references two state cases—a Riverside Superior Court case (involving an ongoing

domestic violence and custody dispute between Lukes and his ex-wife)[1] and a Los Angeles Superior Court case (with a case number that does not match any case record).

The removal notice is also largely incoherent. It describes a scheme involving Lukes's ex-wife and her family, government actors (including Riverside County Sheriffs, the Governor of California, and multiple California state court judges), and the software company Adobe to kidnap his children, stalk and threaten him, and "perpetrate domestic violence" against him. He claims that Defendants "used the kidnapping of the Grandchildren of President Donald J. Trump as an act of political violence against [him]," and that Adobe has "weaponized its digital products against [him] to obstruct [his] past and current ability to obtain a domestic violence restraining order." Dkt. No. 1 at 5, 8 of 58; *see also id.* at 10 of 58 (describing that he was "forcibly induced into the consummation of [his] marriage" when his ex-wife's family members said "[i]f you screw this up then we are going to kill you!"); *id.* at 15 of 58 (stating that the Chief Justice of the California Supreme Court attended locked-courtroom hearings in Lukes's state court action, during which someone "was threatening [his] life" by saying that "his time is running out" to pay court-ordered child support).

II.

Federal courts have an "independent obligation to determine whether subject-matter jurisdiction exists" and may sua sponte consider whether a defendant has properly removed. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). District courts have original jurisdiction over civil actions: (1) "arising under the Constitution, laws, or treaties of the United States" (federal question jurisdiction), 28 U.S.C. § 1331; and (2) "where the amount in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States," *id.* § 1332(a) (diversity jurisdiction). The removing party has the burden of showing that removal is proper, *see Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004), and the Ninth Circuit has recognized a "strong presumption against removal," such that any doubts as to whether a case is properly removed must be resolved in favor of remand to state court, *see Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (cleaned up).

---

[1] Riverside County Superior Court, Case No. DVME2401340.

Lukes does not attach a state court complaint or provide a statement of the basis for removal, as required.[2] *See* 28 U.S.C. § 1446 (requiring a removing defendant to "file . . . a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders" from the state action). It appears, however, that he has removed—or is attempting to remove—the Riverside case discussed in his removal notice. That case is a domestic violence and child custody dispute—a quintessential state matter that does not present a federal question, even if he asserts federal defenses under the VAWA and CVRA. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (explaining that it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense). Nor does Lukes assert diversity jurisdiction, and federal courts generally decline jurisdiction over domestic relations matters. *See Peterson v. Babbitt,* 708 F.2d 465, 466 (9th Cir. 1983) (explaining that "the whole subject of domestic relations and particularly child custody problems is generally considered a state law matter" in which "federal abstention" is appropriate); *Coats v. Woods*, 819 F.2d 236 (9th Cir. 1987) (affirming district court's refusal to exercise jurisdiction in a domestic relations case involving custody and marital status).

Accordingly, Lukes has not established subject-matter jurisdiction.

### III.

The Court orders the following:

1. To the extent that the Riverside case (No. DVME2401340) has been removed, the case is remanded to the Riverside County Superior Court. *See Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.,* 346 F.3d 1190, 1192 (9th Cir.2003) ("[W]e have held that the district court must remand if it lacks jurisdiction.").

2. To the extent that the removal notice purports to remove other cases, including from other districts and divisions, it is stricken as procedurally improper and shall have no legal effect. *See* 28 U.S.C. § 1446 (requiring each civil action to be removed to the district and division where the action is pending); *see also Guild*

---

[2] Lukes does attach a filing from his Chapter 11 bankruptcy court case, which was closed in 2021 and which he has unsuccessfully attempted to reopen. *See* Case No. 1:19-bk-11902, Dkt. Nos. 220–238. In any event, the bankruptcy case is already in federal court and not subject to removal. *See* 28 U.S.C. § 157(d).

*Mortg. Co. v. Davenport*, No. 10-cv-00314, 2011 WL 1483966, at *3 (D. Haw. Apr. 18, 2011) ("To the extent the Complaint seeks to remove and combine state court actions, the removal is plainly improper."); *Anhing Corp. v. Thuan Phong Co. Ltd.*, No. 13-cv-05167-BRO, 2014 WL 10987033, at *3 (C.D. Cal. July 25, 2014) (striking motion that plainly failed to comply with procedural requirements).

    3.  The clerk shall close this case.

Date: November 7, 2025

                                          Stanley Blumenfeld, Jr.
                                          United States District Judge